IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DEUTSH, | § | |
| Plaintiff, | § § § | |
| V. | § | 1-15-CV-476 RP |
| RAPHAEL HERNANDEZ, | § § § | |
| Defendant. | § § | |

### ORDER

Before the Court is Plaintiff's Motion for Entry of Default Judgment, filed September 8, 2015 (Clerk's Dkt. #8). After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

On June 2, 2015 Plaintiff John Deutsh filed this action naming as the sole defendant Raphael Hernandez. Plaintiff is a paraplegic with no use of his legs who uses a wheelchair for mobility. (Compl. ¶ 5). Plaintiff alleges Defendant owns the property on which a business operates which qualifies as a business establishment and place of public accommodation under the Americans With Disabilities Act ("ADA"). Plaintiff further alleges Defendant's business is in violation of the ADA's requirement to provide at least one ADA-Compliant Van Accessible parking space and a properly situated access ramp and accessible entryway. (*Id*. ¶ 9). By way of his complaint, Plaintiff requests injunctive relief in the form of an order requiring Defendant to provide the required parking space and access to the business, as well as declaratory relief, statutory damages, attorneys' fees and costs. (*Id*. ¶¶ 25-29).

Plaintiff has now filed a motion requesting entry of default judgment, following a Clerk's Entry of Default on August 26, 2015, based on Defendant's failure to file a response or otherwise defend.

## II.  LEGAL STANDARD

A defendant's default "does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. . . .  The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."  *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also* 10A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 3688 at 63 ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

## III.  DISCUSSION

The ADA is a "broad mandate" of "comprehensive character" and "sweeping purpose" intended "to eliminate discrimination against disabled individuals, and to integrate them into the economic and social mainstream of American life."  *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (citation and quotation marks omitted).  The ADA forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III.  *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). Plaintiff has filed this suit pursuant to Title III of the ADA, which prescribes that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  To assert a viable claim under Title III, a plaintiff must satisfy three elements: (1) he has a disability; (2) the place that the defendant owns, leases, or

operates is a place of public accommodation; and (3) he was denied full and equal enjoyment because of his disability.  *Id*.

The Department of Justice has promulgated two sets of regulations and standards clarifying how public accommodations must meet the obligations of the ADA.  *Gomez v. Dade Cnty. Fed. Credit Union*, 610 F. App'x 859, 860 (11th Cir. 2015).  The first version was published in 1991 and the second in 2010.  28 C.F.R. pt. 36, app. D ("1991 Standards"); *Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities*; 75 Fed. Reg. 56236–01, 56250 (Sept. 15, 2010) (codified in 28 C.F.R. pt. 36) ("2010 Standards").

Under those regulations, any business that provides parking spaces and has between one and twenty-five spaces must provide at least one accessible parking space.  *Langer v. McHale*, 2014 WL 5422973, at *4 (S.D. Cal. Oct. 20, 2014) (citing 1991 Standards and 2010 Standards).  The ADA further requires that doorway thresholds "shall be ½ inch (13 mm) high maximum." 36 C.F.R. pt. 1191, app. D, 404.2.5.   Any threshold which exceeds that maximum is required to be ramped.  *Id*. pt. 1191, app. D, 303.4.  *See also Snyder v. Lady Slings the Booze, LLC*, 73 F. Supp. 3d 871, 874 (W.D. Ky. 2014) (discussing standards).

Plaintiff alleges Defendant operates the business establishment named Taqueria #3 La Escondida Austin which is a place of public accommodation.  Plaintiff further alleges  Taqueria #3 La Escondida Austin is not accessible to disabled individuals because it has zero ADA-Compliant Van Accessible parking spaces in the parking lot that serves the business, and further the threshold to the business premises exceeds the ½ inch maximum and the entrance ramp is improperly situated.  (Compl. ¶ 9).[1]  Plaintiff further alleges he patronized Taqueria #3 La Escondida Austin in March of 2015 and was denied access due to the barriers cited above.  (*Id* ¶¶ 11-12).

By virtue of its default, Defendant has admitted to the truth of these allegations.  Therefore,

---

[1]  Plaintiff's complaint also includes pictures evidencing these barriers.

the Court finds Plaintiff has established a cause of action under the ADA. *See MacClymonds v. IMI Investments, Inc.*, 2007 WL 1306803, at *3 (S.D. Tex. Apr. 5, 2007) (elements of ADA public accommodation case "1) the plaintiff has a disability; 2) the place that the defendant owns, leases, or operates is a place of public accommodation; and 3) the plaintiff was denied full and equal enjoyment because of his disability"); *Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1128 (S.D. Cal. 2005) (same); *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000) (same).

The Court next turns to the question of relief. "Remedies available under Title III of the ADA are the same as those under Title II of the Civil Rights Acts of 1964, 42 U.S.C. § 2000a *et seq.*, for which there is only injunctive relief." *Frame v. City of Arlington*, 575 F.3d 432, 438 n.5 (5th Cir. 2009). *See Perez v. Doctors Hosp. at Renaissance, Ltd.*, __ F. App'x __, 2015 WL 5085775, at *2 (5th Cir. Aug. 28, 2015) (damages not available for Title III ADA claim brought by private party, but private party may seek injunctive relief). A grant of injunctive relief requires the requesting party to establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs the threatened harm the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000). *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F .3d 597, 600 (5th Cir. 1996)

In moving for default judgment Plaintiff fails to explain how the requirements for injunctive relief are met in this case. Indeed, he makes no reference to seeking injunctive relief. Rather, Plaintiff simply asserts default judgment is proper because "[t]he amount of the claim is a sum certain." (Mot. ¶ 5).

Plaintiff is correct that, as a general rule, courts may enter a default judgment awarding damages without a hearing if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits. *James v. Frame*, 6

F.3d 307, 310 (5th Cir. 1993); *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979). However, Plaintiff is not entitled to seek monetary damages in this case, only injunctive relief. The "sum certain" he references consists of the attorney's fees and costs he has incurred in this litigation. The ADA does provide that the Court "may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. But such an award does not constitute monetary damages.

Accordingly, the Court concludes Plaintiff's motion fails to show he is entitled to default judgment in this case.

## IV.  CONCLUSION

The Court hereby **DENIES** Plaintiff's Motion for Entry of Default Judgment (Clerk's Dkt. #8) without prejudice.

**SIGNED** on November 6, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE